UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kristen Faus, on behalf of her minor daughter E.F., Betsy Eiss, on behalf of her minor daughter J.E., and all others similarly situated;<br><br>      Plaintiffs,<br><br>v.<br><br>Indian River Central School District; Indian River Central School District Board of Education; Troy Decker; Angela Green; Methan Caddick;<br><br>      Defendants. | Case No. 5:25-cv-00453-DNH-ML |

Memorandum of Law

In Support of Defendants Motion for Clarification

**Ryan L. McCarthy, Esq.**
**Ferrara Fiorenza PC**
*Attorneys for Defendants Indian River Central School District,*
*Indian River Central School District Board of Education,*
*Troy Decker, Angela Green, and Meghan Caddick*
5010 Campuswood Drive
East Syracuse, New York 13057
(315) 437-7600
RMcCarthy@ferrarafirm.com

1

i

**TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

   I.    Clarification via motion is appropriate to assist the District's compliance with the Order ...................................................................................................................... 1

CONCLUSION ........................................................................................................................ 5

## TABLE OF AUTHORITIES

**Cases**

*Cortland Line Holdings LLC v Lieverst*, 518CV307TJMDEP, 2018 WL 10758581, at *1 [NDNY June 13, 2018].................................................................................................................. 1

*McComb v Jacksonville Paper Co.*, 336 US 187, 192 [1949] ....................................................... 2

*N.A. Sales Co. v. Chapman Industries Corp.,* 736 F.2d 854, 858 [2d Cir. 1984]........................... 1

**PRELIMINARY STATEMENT**

The Indian River Central School District (the "District") submits this Memorandum of Law seeking clarification of the Court's Decision and Order and Text Order, which granted Plaintiffs' motion for a preliminary injunction. Specifically, the District seeks clarification because it is making a good-faith effort to comply with the Court's Order and wishes to avoid any conduct that could be considered in violation of the Court's Order.

This motion does not seek reconsideration or amendment of any order of the Court.

**ARGUMENT**

The District has engaged in good-faith efforts to comply with the Court's Order and respectfully requests clarification regarding the District's restrictions from the Order in assessing the grades for its students.

**I.     Clarification via motion is appropriate to assist the District's compliance with the Order**

According to the Second Circuit,

> As a general matter, "[c]larifications of orders previously issued, which may be obtained on motion or made *sua sponte* by the court, add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous.

*N.A. Sales Co. v. Chapman Industries Corp.,* 736 F.2d 854, 858 [2d Cir. 1984]. More recently, Judge McAvoy for the Northern District of New York analyzed a motion for clarification where the "implicated party" raised concerns with the definitions or specificity of an order granting injunctive relief. *Cortland Line Holdings LLC v Lieverst*, 518CV307TJMDEP, 2018 WL 10758581, at *1 [NDNY June 13, 2018].

The purpose of this motion is to erase any doubt of the District's good-faith intentions to comply with the Order and to grade its students' participation in swim instruction with a lawful

1

and consistent policy that can also be communicated to the parents, students, and District staff. While the District respectfully submits that its updated policies are non-discriminatory and compliant with the Court's Order, the Supreme Court held, "[i]t does not lie in [the defendants'] mouth to say that they have an immunity from civil contempt because the plan or scheme which they adopted was not specifically enjoined." *McComb v Jacksonville Paper Co.*, 336 US 187, 192 [1949].

Here, the District is implementing updated policies that are intended to comply with the Court's Order. This motion is filed to clarify that the proposed updated policies comply with both the spirit and the letter of the Court's Order. The Order states that:

> [d]uring the pendency of this litigation and until a trial on the merits, unless otherwise ordered by the court, defendants are hereby ENJOINED from issuing a menstruating student a 0/5 grade for a physical education class during which the student does not swim because they are menstruating."

Doc. No. 30.

The District is interpreting this Order to hold that the District's policy last year (to have a "0/5" grade for non-participation) is prohibited. The District's new policy uses a "NP" place holder in lieu of the prohibited "0/5" for any student that does not participate in class.

First, the updated District policy and practice will not use a "0/5" grade for any student that does not participate in the regularly scheduled swim instruction class. Rather, a student who does not swim on a particular day will have a "NP" (non-participating) placeholder grade on their daily grade until they can make up the missed swim instruction. This year (compared to last year), the new policies provide more accessible opportunities for a non-participating student to make up the class in the flexible class schedule for their swim instruction unit, during a study

2

hall, or at scheduled after-school make-up sessions. Once the student makes up the class, the "NP" placeholder will be changed to a grade commensurate with their participation, between a "0/5" and a "5/5." However, if the student (including a menstruating student) fails to make up the swim instruction class by the end of the marking period, the "NP" placeholder will be changed to a "0/5," which will have a negative impact on their final grade.

The District believes (and wishes for clarification) that the Order allows the District to issue a 0/5 grade if a menstruating student does not participate in the regularly scheduled swim instruction **_AND_** that student fails to attend a make-up class before the end of the marking period. The District wishes to express that the "0/5" is not intended to be punitive and it is not a policy meant to treat menstruating students differently than other students; rather, the District grades all students based on their completion of the required curriculum. Therefore, students that do not complete the required curriculum cannot receive full participation credit for their physical education class.

By way of a comparison, assume a hypothetical student has a scheduled chemistry lab session, but leaves school before they take the exam because of the physical discomfort that can sometimes be caused by menstrual cycle. That hypothetical student would be required to attend a make-up lab session to complete the assigned work before the end of the marking period. If the student then failed to attend the make-up session, their final grade would (and should) reflect a "0" grade for incomplete assignment required by the chemistry curriculum. The District, therefore, is interpreting the Order to allow for a "0/5" grade if the student fails to complete the curriculum requirements for swim instruction.

Alternatively, if the Court requires the District to have a separate grading policy for students that do not participate in their scheduled swim instruction because they are

3

menstruating, the District requests clarification on how to comply with the Order. The District's updated grading policies and procedures apply to all students and do not create a different grading policy or curriculum requirements for menstruating students. Students are not required to disclose the reasons for their non-participation in swim class; rather, they are expected to make up the class at another time. The goal of the updated policies is to minimize the number of students that will need to make-up classes and to expand access to make-up classes. For example, if a student misses the first or second week of the swim instruction, they should be able to complete the swim instruction requirement within their scheduled swim instruction session (See Exhibit A). Additionally, the make-up class schedule is announced in advance (Exhibit A) and the District will proactively communicate the make-up requirements to parents and students (Exhibit C). Therefore, instances where students receive a "0/5" final grade for not participating in swim instruction should be significantly reduced.

Yet, clarification is still necessary because students are not required to disclose the reasons for their choice to not participate in swim instruction and therefore, the District will only know if a student is a "menstruating student" if that student voluntarily tells their teacher that they are menstruating. Notably, this is not a hypothetical situation, the record shows (Exhibit 3 to Faus Affidavit Doc. 4-3, p. 18) that E.F. reported she was menstruating to her teacher on January 9, 2025, but J.E. stated that she never reported to her teachers that she was menstruating (J.E. Affidavit Doc. 4-6, ¶9). The District therefore requests clarification if the proposed gender-neutral grading policy (Exhibit A) complies with the Order particularly where the District may not know which students are subject to the provisions of the Order.

4

## CONCLUSION

Based on the foregoing, the District respectfully requests clarification of the Court's Order and Decision and Text Order so that District can fully and in good-faith, comply with the injunctive relief granted by the Court.

Dated: September 22, 2025                                Respectfully submitted,


By: <u>Ryan L. McCarthy</u>
    **Ryan L. McCarthy, Esq.**
    **Ferrara Fiorenza PC**
    *Attorneys for Defendants Indian River Central School District, Indian River Central School District Board of Education, Troy Decker, Angela Green, and Meghan Caddick*
    5010 Campuswood Drive
    East Syracuse, New York 13057
    (315) 437-7600
    RMcCarthy@ferrarafirm.com