UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KRISTEN FAUS, on behalf of her minor daughter E.F., BETSY EISS, on behalf of her minor daughter J.E., and all others similarly situated,

    Plaintiffs,

-against-

INDIAN RIVER CENTRAL SCHOOL DISTRICT, INDIAN RIVER CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, TROY DECKER, ANGELA GREEN, and MEGHAN CADDICK,

    Defendants.

No. 5: 25 Civ. 453 DNH / ML

## SETTLEMENT AGREEMENT AND ORDER

WHEREAS, the Plaintiffs Kristen Faus, on behalf of her minor daughter E.F. and Betsy Eiss, on behalf of her minor daughter J.E., filed this class action on behalf of themselves and all others similarly situated, against Defendants Indian River Central School District ("IRCSD"), Indian River Central School District Board of Education, Troy Decker, Angela Green, and Meghan Caddick (together, "Defendants") on April 11, 2025, alleging claims under Title IX, the Equal Protection Clause, the New York Civil Rights Law, and the New York State Human Rights Law;

WHEREAS, Defendants deny any and all allegations of wrongdoing and liability as set forth in the Complaint including, without limitation, that they violated any anti-discrimination law and, by entering this Agreement, do not admit to any wrongdoing and/or liability; and

WHEREAS, Plaintiffs and Defendants seek to resolve this matter and have voluntarily agreed to the terms of this Settlement Agreement and Order (the "Agreement") to avoid protracted expenses and litigation; and

WHEREAS, Plaintiffs and Defendants jointly request that this Agreement be so-ordered by the Court;

IT IS HEREBY AGREED by and between Plaintiffs and Defendants as follows:

## I. TERM AND SCOPE OF AGREEMENT

1. All obligations under this Agreement shall run from the date that the Agreement is so-ordered by the Court (the "Effective Date").

2. This Agreement shall be binding on the parties and any of their owners, employees, agents, representatives, officers, heirs, assigns, subsidiaries, or successors in interest.

## II. MONETARY AND GENERAL INJUNCTIVE RELIEF

3. Plaintiffs shall receive from Defendants the sum total of Thirty-Five Thousand Dollars and zero cents ($35,000) in full and final settlement of the claims belonging to Plaintiffs, including but not limited to attorneys' fees and costs. The payment shall be made to Kaufman Lieb Lebowitz & Frick LLP as "attorneys for Kristen Faus, on behalf of E.F., and Betsy Eiss, on behalf of J.E." and delivered either electronically or by FedEx overnight service to Kaufman Lieb Lebowitz & Frick LLP, 18 E. 48th Street, Suite 802, New York, New York 10017, within fourteen (14) days after the Effective Date of this Agreement.

4. While Defendants deny any and all alleged violations of source of income discrimination and/or any other discrimination, Defendants and their employees and agents shall not discriminate on the basis of sex against any menstruating student.

5. Upon the Effective Date, any preliminary injunctive relief required by ECF No. 30 will be vacated.

6. Defendant IRCSD will revise the swim requirements in place at Indian River Middle School to include the following:

    a. For each swim unit, lasting approximately three weeks, students will have a set number of swim classes that they will be required to participate in. If a student is unable to participate in a swim class for due to menstruation, they will be provided with the choice between a pre-planned, alternative physical education activity and observing their peers swim.

    b. Students who miss any scheduled swim classes due to menstruation will have the opportunity to make up all missed classes during their assigned gym period; they will not be required to attend an afterschool or other make-up, although they may choose to do so. For example, students who miss three swim classes due to menstruation will have at least three opportunities to make up any missed swim classes during their gym period. (For avoidance of doubt, a make-up class scheduled during a time when a student is menstruating does not qualify as a make-up opportunity.)

    c. Students who do not attend required swim classes will receive an "incomplete" for any missed classes until either (a) the end of the marking period, or (b) IRMS has provided the student with sufficient opportunities to make up the class pursuant to paragraph 5.b above, whichever is later. If a student does not participate in a swim class, is

provided adequate opportunity to make up the swim class pursuant to paragraph 6(b), and does not make up that swim class or use their free pass, they will receive a "0/5" participation grade for that class for not completing the required swim instruction curriculum.

    d. IRCSD will provide additional communications about swim make-up opportunities, including by notifying students at the end of each swim unit if they have an "incomplete" grade and informing them of available make-up opportunities both during and after school.

    e. Students will each have one "free pass" for each swim unit that will allow them to miss one swim class without having to make up that class.

7. Within seven (7) days of the Effective Date, Defendants shall send the communication attached as **Exhibit A** to this Agreement to IRMS parents.

8. IRCSD will convene a swim instruction working group each November and March/April, at the conclusion of the swim units, for a period of three years. The working group will meet outside of school hours so it can accommodate working parents. This will be an opportunity for Plaintiffs, and other parents, to meet with the administration to discuss any outstanding issues with the swim curriculum.

9. Defendants will not indicate whether a student is menstruating in any student's grade book, report card, progress notes, or other academic record without the express consent of the student by their lawful parent or guardian.

10. Within ten (10) days after payment of the monetary relief described in Paragraph 3 above, the parties, by their counsel, shall file a Stipulation of Dismissal with Prejudice (**Exhibit A**), providing for dismissal with prejudice of all claims against

Defendants. Notwithstanding the dismissal, any party shall at all times be free to move before the Court to enforce the terms of this Agreement.

### III.   RELEASES

11.   In consideration of the promises and conditions set forth herein, and other good and valuable consideration, the receipt, adequacy, and sufficiency of which are hereby acknowledged, Plaintiffs do hereby release, acquit, remise, exonerate, and forever discharge with prejudice Defendants and their employees, parents, owners, shareholders, members, managers, contractors, agents, insurers, attorneys, predecessors, successors, officers, directors, assigns, subsidiaries and affiliated entities (collectively, "Defendant Releasees") of and from all actions, causes of action, claims, suits, proceedings, damages, costs, losses, expenses, judgments, attorneys' fees, demands and liabilities whatsoever of every kind and nature, in law, admiralty, or equity, known or unknown ("Claims") which the Plaintiffs now have, or may have, against the Defendant Releasees or any of them for, upon or by reason of any matter, claim, right of action, and/or cause of action arising from, in whole or in part, the allegations in the Complaint, which the Plaintiffs ever had, or now have, against the Defendant Releasees, from the beginning of time through the date of this Agreement. Notwithstanding anything to the contrary contained herein, this release specifically excludes any Claims arising from Defendants' obligations under this Agreement.

12.   In consideration of the promises and conditions set forth herein, and other good and valuable consideration, the receipt, adequacy, and sufficiency of which are hereby acknowledged, Defendants, for themselves and their predecessors, successors, assigns, parent and subsidiary companies, and members, partners, employees, officers, directors and shareholders of each of the foregoing (collectively, the "Defendant

Releasors"), do hereby release, acquit, remise, exonerate, and forever discharge with prejudice Plaintiffs of and from all actions, causes of action, claims, suits, proceedings, damages, costs, losses, expenses, judgments, attorneys' fees, demands and liabilities whatsoever of every kind and nature, in law, admiralty, or equity, known or unknown ("Claims") which the Defendant Releasors now have, or may have, against the Plaintiffs or any of them for, upon or by reason of any matter, claim, right of action, and/or cause of action arising from, in whole or in part, the allegations in the Complaint, which the Defendant Releasors ever had, or now have, against the Plaintiffs, from the beginning of time through the date of this Agreement. Notwithstanding anything to the contrary contained herein, this release specifically excludes any Claims arising from Plaintiffs' obligations under this Agreement.

### IV.    ADMINISTRATION OF AGREEMENT

13.    The Northern District of New York shall retain jurisdiction to enforce the terms of this Agreement upon the filing of an appropriate motion by any Party.

14.    The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation and compliance with this Agreement prior to filing a motion with the Court to enforce and/or modify this Agreement. In the event that any party contends another party is in default of any term of this Agreement, such party or its counsel shall serve a written notice to cure on the defaulting-party and its counsel, specifying the default of breach hereunder, and the defaulting-party shall have at least thirty (30) days to cure such default or breach, prior to the non-defaulting party filing a motion with the Court to enforce and/or modify the Agreement.

15. This Agreement shall be deemed to have been jointly drafted and neither the Agreement nor any term herein shall be interpreted or construed against or for any party because the party drafted or requested it.

V. **MISCELLANEOUS**

16. Any correspondence to Plaintiffs relating to this Agreement may be sent to Kaufman Lieb Lebowitz & Frick LLP, 18 E. 48th Street, Suite 802, New York, NY 10017, to the attention of Alanna Kaufman and to akaufman@kllflaw.com

17. Any correspondence to the Defendants relating to this agreement may be sent to Ferrara Fiorenza PC, 5010 Campuswood Dr. East Syracuse, NY 13057, to the attention of Ryan McCarthy, and to rmccarthy@ferrarafirm.com

18. Wherever practicable, notice and correspondence under this agreement shall be provided by email.

19. If any provision of this Agreement is declared invalid or unenforceable by a court of competent jurisdiction, the parties agree that the Agreement shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Agreement. In such instance, the parties agree to use best efforts to agree to a valid and enforceable provision that shall be a reasonable substitute for the invalid or unenforceable provision in light of the intent of this Agreement.

20. Nothing in this Agreement shall constitute an admission of liability or wrongdoing by Defendants, which deny that it has engaged in any unlawful act.

21. This Agreement contains all the terms and conditions agreed upon by the parties and no oral or written agreement entered into prior to this Agreement regarding

the subject matter of the Complaint shall be deemed to exist, or to bind the parties, or the vary the terms and conditions of this Agreement.

22. The parties represent and warrant that they have full legal capacity and authority to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys, and that they have executed this Agreement voluntarily and without duress, coercion, or undue influence. Authority for the execution of this Agreement for the Indian River Central School District and Indian River Central School District Board of Education is granted by the resolution of the Indian River Central School District.

23. This Agreement may be executed in any number of counterparts and each counterpart shall be deemed to be an original. For purposes of executing this Agreement, a document signed and transmitted electronically shall be treated as an original document and shall have the same binding effect as an original signature on an original document.

**AGREED TO BY THE PARTIES:**

_____     Date: __11/5/2025_____
Betsy Eiss

_____     Date: __11/5/2026_____
Kristen Faus

**Indian River Central School District**

_____    Date: __11/6/25__
By: Troy Decker, Superintendent
**Indian River Central School District**
**Board of Education**

IT IS SO ORDERED:

_____
David N. Hurd
U.S. District Judge

Dated: __November 7, 2025__

## Exhibit A

Dear IRMS Parents and Students,

We have begun our aquatics lessons in PE and wanted to reach out about make-up opportunities, including in-class opportunities. We know that our parents are inundated with digital mailing. We feel the most important part of programming is our ability for students to make up missed instruction.  For students that have to miss a class, here is a guide on how to make up missed classes.

**I need to miss a swim class, what do I do?**
Students have one "free pass" to use without having to make up any missed aquatics classes.  If you've used your free pass and still need to make up a class, talk to your teacher and plan on what day you can do the make-up class.  Your teacher will help to plan for a make-up class during your normal assigned Physical Education class period.

**What happens in class when I can't swim?**
If any student is unable to swim during a scheduled swim class, that student will have the option of participating in a pre-planned, alternative physical education activity with another class or observing their peers swim.

**What do I do if I need more than one make-up class?**
Even if you miss multiple classes (for example, if you are menstruating, have an open wound, etc.), your teacher will help you schedule make-ups during your normal assigned Physical Education class period. If you would prefer to make-up swim class outside of your normal assigned Physical Education class, you will have the option of completing a make-up during your study hall, another PE class, or after school.  The afterschool sessions count for two make-up classes.  Communications about additional swim make-up opportunities will be communicated to both students and parents.

If you can't swim for two consecutive weeks or more, parents should contact the school nurse to discuss an alternative schedule for Physical Education classes, including swim.

**How does a missed class impact my grade?**
When you miss a scheduled swim class, you will *temporarily* receive an "incomplete" for this missed swim class.  Students' grades will not be finalized until they have received sufficient in-class make up opportunities to make up missed classes. If you don't make up for a missed class, you will eventually receive a 0/5 for that day.

Thank you again for all your support of our many programs. If you have any questions, please feel free to email or contact us anytime.

IRMS PE staff

**Exhibit B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN FAUS, on behalf of her minor daughter E.F., BETSY EISS, on behalf of her minor daughter J.E., and all others similarly situated, | No. 25 Civ. 453 |
| Plaintiffs, | **STIPULATION OF DISMISSAL** |
| -against- | |
| INDIAN RIVER CENTRAL SCHOOL DISTRICT, INDIAN RIVER CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, TROY DECKER, ANGELA GREEN, and MEGHAN CADDICK, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendants, as represented by their attorneys below, that, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the above-captioned case is hereby withdrawn, discontinued, and dismissed with prejudice.

Dated:    August 21, 2024
          New York, New York

| FERRARA FIORENZA PC | KAUFMAN LIEB LEBOWITZ & FRICK LLP |
|---|---|
| _____ | _____ |
| Ryan McCarthy | Alanna Kaufman |
| 5010 Campuswood Drive<br>East Syracuse, New York 13507<br>(315) 437-7600 | 18 E. 48th Street, Suite 802<br>New York, New York 10017<br>212-660-2332 |
| *Attorney for Defendants Indian River Central School District, Indian River Central School District Board of Education, Troy Decker, Angela Green, and Meghan Caddick* | *Attorney for Plaintiff Kristen Faus and Betsy Eiss* |